# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| BRANDON S. PIERCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| AMAZON.COM SERVICES, INC.; ) | |
| and FICTITIOUS DEFENDANTS ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Defendant Amazon.com Services, Inc. ("Amazon") gives notice that this cause is hereby removed from the Circuit Court of St. Clair County, Alabama, where it is currently pending, to the United States District Court for the Northern District of Alabama, Middle Division. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Amazon are attached as **Exhibit A**, and a copy of the Circuit Court of St. Clair County, Alabama's entire file is attached as **Exhibit B**.

This removal is proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for its notice of removal, Amazon states as follows:

**I.     Background**

1

1.   Plaintiff, Brandon S. Pierce ("Plaintiff"), commenced this products liability action by filing a complaint on January 31, 2019, in the Circuit Court of St. Clair County, Alabama, where it was assigned Case No. 75-CV-2019-900038.00. *See* Ex. A, Complaint (hereinafter "Complaint" or "Compl.").

2.   In his Complaint, Plaintiff alleges he bought a treestand manufactured by XtremepowerUS (the "XtremepowerUS treestand") online through Amazon. *See* Compl. ¶¶ 6, 11. However, Plaintiff alleges he is unable to identify the persons or entities (including their successor entities, if applicable) that designed, manufactured, tested, distributed, sold, or failed to warn about the XtremepowerUS treestand or its allegedly defective components. Compl. at p. 1.

3.   Plaintiff alleges on February 3, 2017, while hunting, the XtremepowerUS treestand's locking pin failed, causing the treestand to collapse and causing plaintiff to fall "several feet to the ground thus sustaining severe and permanent injuries." Plaintiff alleges this fall caused him to suffer "a torn meniscus, almost a complete ACL tear as well as tears to his MCL, LCL, and PCL, and fractures." Compl. ¶¶ 11-12.

4.   Plaintiff also alleges he underwent knee surgery as a result of his injury, "was unable to immediately return to his employment, suffered lost wages,

suffered a loss of future earning capacity, and incurred and continues to incur medical expenses." Compl. ¶¶ 12-13.

5. Plaintiff alleges several product liability-related causes of action against Amazon, seeking compensatory and punitive damages for liability under the Alabama Extended Manufacturer's Liability Doctrine (Count One), Negligence (Count Two), Wantonness (Count Three), Negligent Failure to Warn (Count Four), and Breach of Implied Warranty (Count Five). *See generally* Compl. at pp. 3-8.[1]

## II.  Jurisdictional Basis For Removal

6. This Court has original jurisdiction over this matter because it is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332, 1441(a). "Original jurisdiction requires diversity of the parties or the existence of a federal question." *See Loss Mountain Homeowners Ass'n v. Rice*, 248 Fed. App'x. 114, 115 (11th Cir. 2007).

7. This removal is being filed by Amazon within 30 (thirty) days of service of process on it. 28 U.S.C. § 1446(b). Amazon was served with the Complaint and Summons on February 4, 2019. *See* Ex. A. Therefore, this removal is timely.

---

[1] Plaintiff also alleges several causes of action against various sets of the Fictitious Defendants, including Negligence and Wantonness. *See generally* Compl. at pp. 3-8 (Counts Six through Eight).

A. **Complete Diversity of Citizenship Exists.**

8. Plaintiff claims to be a resident and citizen of St. Clair County, Alabama. Compl. ¶ 1. Therefore, for diversity purposes, Plaintiff is a citizen of Alabama.

9. Amazon.com Services, Inc. is a corporation incorporated under the laws of Delaware and maintains its principal place of business in the State of Washington. Therefore, for diversity purposes, Amazon is deemed a citizen of Delaware and Washington. 28 U.S.C. § 1332(c)(1).

10. Plaintiff's Complaint also lists as defendants "Fictitious Defendants "'1,' '2,' '3,' '4,' '5,' '6,' ',7' and '8'" (the "Fictitious Defendants"). *See* Compl. at p. 1. However, pursuant to 28 U.S.C. § 1441(b), "[t]he citizenship of defendants sued under fictitious names shall be disregarded" for a removal based on diversity jurisdiction. Therefore, the citizenship of the Fictitious Defendants shall not be considered in the Court's analysis of the diversity of the parties.

11. Accordingly, because Plaintiff and Amazon are citizens of different states, and no other named or served Defendant is a citizen of Alabama, there is complete diversity of citizenship between Plaintiff and Amazon. 28 U.S.C. §§ 1332(a)(1) and § 1441(b).

**B.     The Amount in Controversy Exceeds $75,000.**

12.    A removing party's burden in alleging the existence of federal jurisdiction "is no greater than is required to establish federal jurisdiction as alleged in a complaint." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008). A notice of removal thus "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

13.    "If a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement.'" *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citations omitted). The removing defendant may satisfy this burden by showing that it is "'facially apparent' from the [plaintiff's] pleading itself that the amount in controversy exceeds the jurisdictional minimum." *Id.* at 1061. When determining whether this burden is met, a district court applies its "judicial experience" and "common sense" in "discerning whether the allegations in a complaint facially establish" the jurisdictional amount. *Id.* at 1062–63.

14.    It is facially apparent from the Complaint that the amount in controversy in this matter exceeds $75,000, exclusive of costs and interest given the extent of the injuries alleged in this matter. Plaintiff claims he suffered "serious

and permanent injuries, mental distress, loss of enjoyment of life, loss of past and future earnings and loss involving past and future medical expenses" as a result of the alleged defects in the XtremepowerUS treestand. *See, e.g.*, Compl. at p. 4, *ad damnum* clause.

15.     Specifically, Plaintiff claims he sustained "severe and permanent injuries." Plaintiff alleges he suffered "a torn meniscus, almost a complete ACL tear as well as tears to his MCL, LCL, and PCL, and fractures" as a result of a several-foot fall caused by the alleged defect in the XtremepowerUS treestand. *Id*. ¶¶ 10, 12. Plaintiff also claims he underwent knee surgery as a result of his injury, "was unable to immediately return to his employment, suffered lost wages, suffered a loss of future earning capacity, and incurred and continues to incur medical expenses." *Id*. ¶¶ 12-13.

16.     Accordingly, Plaintiff seeks "compensatory damages in an amount that will adequately compensate Plaintiff for the permanent injuries and damages he sustained" from Amazon under various product liability theories. *Id*. ¶¶ 14-38 (Counts One through Five, including each Count's *ad damnum* clause).

17.     Plaintiff additionally seeks "exemplary damages," or punitive damages, from Amazon "in an amount that will adequately reflect the wrongfulness of the defendant" and "interest from the date of judgment and costs incurred in managing the lawsuit" under each Count. *Id.*

18. In determining whether the amount in controversy could be satisfied on the face of the complaint, it has been recognized in *Smith v. State Farm Fire and Casualty Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012), that "plaintiffs . . . who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more. Otherwise a plaintiff will find herself in a federal court. . . ."

19. And, the court in *Seckel v. Travelers Home & Marine Ins. Co.*, No. 12-CV-4163-KOB, 2013 WL 360421 (N.D. Ala. Jan. 29, 2013) agreed with the *Smith* analysis and found that the amount in controversy was facially apparent from the plaintiff's complaint, despite that the plaintiff only claiming to seek approximately $26,000.00 in damages, because the plaintiff also sought unspecified emotional distress and unjust enrichment damages. *Seckel*, 2013 WL 360421 at *2 ("Without an affidavit from [Plaintiff] stating that he will not claim any more than $74,999.99 from [Defendant] in damages, this court has jurisdiction over the case and DENIES [Plaintiff's] motion to remand."). Common sense and experience clearly dictate that Plaintiff, alleging not only several severe and permanent knee injuries, mental distress, past and future medical expenses, loss of

enjoyment of life, and loss of past and future earnings since February 2, 2017, is seeking more than $75,000.00 in compensatory damages.

20. Furthermore, Plaintiff's request for exemplary, or punitive, damages must be considered in the Court's amount in controversy analysis. *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered."). In light of Plaintiff's claimed injuries and number of types of special damages, Plaintiff's demand for punitive damages should be independently valued in excess of $75,000.

21. Because this Complaint alleges serious, substantial, and permanent injuries and seeks a long list of different categories of damages, including punitive damages, it is facially apparent from the Complaint that the amount in controversy exceeds $75,000.[2]

### III. Procedural Requirements for Removal

22. As Amazon is the only properly served defendant, 28 U.S.C. § 1446(b)(2)(C)'s unanimity of consent requirement is not applicable. A removing party is not required to obtain the consent of a defendant sued under a fictitious identity. *Balazik v. County of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995);

---

[2] And, notably, Plaintiff has not "formally and expressly disclaim[ed] any entitlement to more than $74,999.99." *Smith*, 868 F. Supp. 2d at 1335.

*GMFS, L.L.C. v. Bounds*, 275 F. Supp. 2d 1350, 1354, 1354 n.9 (S.D. Ala. 2003). As the Fictitious Defendants have not been served with a summons and the Complaint, the Court need not consider whether the Fictitious Defendants join in or consent to removal.

23. This removal is proper to the United States District Court for the Northern District of Alabama, Middle Division, because it encompasses the geographic area of the Circuit Court of St. Clair County, Alabama, where this action was originally filed. 28 U.S.C. §§ 81(a)(6), 1441(a).

24. Promptly after the filing of this Notice of Removal, Amazon will give written notice thereof to Plaintiff and will file a copy of the notice, together with a copy of this Notice of Removal, in the Circuit Court of St. Clair County, Alabama, pursuant to 28 U.S.C. § 1446(d).

25. Thus, all procedural elements for removal have been satisfied.

**IV. Reservations and Request for Oral Argument**

26. Amazon reserves the right to amend or supplement this Notice of Removal.

27. If any question arises as to the propriety of the removal of this action, Amazon requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

28. Nothing in this Notice of Removal shall be interpreted as a waiver, estoppel, preclusion, or relinquishment of Defendants' ability or right to assert any claim, counterclaim, crossclaim, third-party claim, defense, or affirmative matter, including, but not limited to, (1) lack of personal jurisdiction; (2) improper venue; (3) insufficiency of process; (4) insufficiency and/or failure of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join an indispensable party; (8) standing; (9) waiver; (10) failure to exhaust administrative remedies; or (11) any other pertinent claim or defense available under Rule 12 of the Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

WHEREFORE, Amazon prays that this Court will consider this Notice of Removal as provided by law governing the removal of cases to this Court; that this Court will make the proper orders to achieve the removal of this case from the Circuit Court of St. Clair County, Alabama; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this case of all proceedings that may have been served in said Circuit Court.

    Respectfully submitted,

*/s/ R. Ashby Pate*
One of the Attorneys for Defendant
Amazon.com Services, Inc.

OF COUNSEL:
Lee M. Hollis (HOL075)
*lhollis@lightfootlaw.com*
R. Ashby Pate (PAT077)
*apate@lightfootlaw.com*
Amaobi J. Enyinnia (ENY001)
*aenyinnia@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203-3200
205-581-0700
205-581-0799 (Facsimile)
*Counsel for Defendant Amazon.com Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2019, I served a copy of the foregoing via the Court's CM/ECF system or the United States Postal Service, postage prepaid, on the following counsel of record:

K. Rick Alvis
Holt, Mussleman, Moran & Alvis
216 W Dr. Hicks Boulevard
Florence, AL 35630-6135
(256) 766-0503 Main
(256) 766-7690 Fax
rick@alvislaw.com
**Attorney for Plaintiff**


                                                    */s/ R. Ashby Pate*
                                                    Of Counsel