FILED
2019 Mar-05  PM 04:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A



null / ALL
**Transmittal Number: 19314767**
**Date Processed: 02/05/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Ms. Lynn Radliff<br>Amazon.Com, Inc.<br>PO Box 81226<br>Seattle, WA 98108-1300 |
| **Electronic copy provided to:** | Scotty Bauder<br>Lynn Foley-Jefferson<br>Joell Parks<br>Lizette Fernandez<br>Tammy Malley-Naslund<br>Theresa Nixon<br>Gianmarco Vairo<br>Eugide Matondo<br>Jesse Jensen<br>Annamaria Taskai<br>Christine Schram<br>Rochelle Lewis<br>Karen Curtis<br>Kimberly Thomas<br>Maria Catana<br>Stephen Swisher |

| | |
|---|---|
| **Entity:** | Amazon.com Services, Inc.<br>Entity ID Number  2102616 |
| **Entity Served:** | Amazon.com Services, Inc. |
| **Title of Action:** | Brandon S. Pierce vs. Amazon.com Services, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | St. Clair County Circuit Court, AL |
| **Case/Reference No:** | 75-CV-2019-900038.00 |
| **Jurisdiction Served:** | Utah |
| **Date Served on CSC:** | 02/04/2019 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | K. Rick Alvis<br>256-766-5031 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



AlaFile E-Notice

75-CV-2019-900038.00

To:  AMAZON.COM SERVICES, INC.
     15 WEST SOUTH TEMPLE
     SUITE 1701
     SALT LAKE CITY, UT, 84101

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

BRANDON S. PIERCE V. AMAZON.COM SERVICES, INC.
75-CV-2019-900038.00

The following complaint was FILED on 1/31/2019 4:48:50 PM

Notice Date:     1/31/2019 4:48:50 PM

ANNETTE MANNING
CIRCUIT COURT CLERK
ST. CLAIR COUNTY, ALABAMA
1815 COGSWELL AVENUE, SUITE 217
PELL CITY, AL, 35125

205-338-2511

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>75-CV-2019-900038.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA**
**BRANDON S. PIERCE V. AMAZON.COM SERVICES, INC.**

**NOTICE TO:** AMAZON.COM SERVICES, INC., 15 WEST SOUTH TEMPLE SUITE 1701, SALT LAKE CITY, UT 84101

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
K. RICK ALVIS
,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 216 W Dr. Hicks Boulevard, Florence, AL 35630.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of <u>BRANDON S. PIERCE</u>
pursuant to the Alabama Rules of the Civil Procedure.      *[Name(s)]*

| 1/31/2019 4:48:50 PM | /s/ ANNETTE MANNING | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.       /s/ K. RICK ALVIS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in County,

*(Name of Person Served)*                    *(Name of County)*

Alabama on .

*(Date)*

*(Type of Process Server)*       *(Server's Signature)*       *(Address of Server)*

*(Server's Printed Name)*       *(Phone Number of Server)*

DOCUMENT 1

ELECTRONICALLY FILED
1/31/2019 4:48 PM
75-CV-2019-900038.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
ANNETTE MANNING, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case: <br>75<br>Date of Filing:<br>01/31/2019 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA
### BRANDON S. PIERCE v. AMAZON.COM SERVICES, INC.

**First Plaintiff:** ☐ Business  ☑ Individual    **First Defendant:** ☑ Business  ☐ Individual
 ☐ Government  ☐ Other     ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☑ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>    Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>    Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:   F** ☑ **INITIAL FILING**          **A** ☐ **APPEAL FROM**          **O** ☐ **OTHER**
                         **DISTRICT COURT**

          **R** ☐ **REMANDED**          **T** ☐ **TRANSFERRED FROM**
                              **OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?**   ☑ YES  ☐ NO     Note: Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**     ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
ALV001                1/31/2019 4:48:35 PM                /s/ K. RICK ALVIS
                              Date                Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**        ☐ YES  ☑ NO   ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**        ☐ YES  ☐ NO

ELECTRONICALLY FILED
1/31/2019 4:48 PM
75-CV-2019-900038.00
CIRCUIT COURT OF
ST. CLAIR COUNTY, ALABAMA
ANNETTE MANNING, CLERK

### IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ALABAMA

| | | |
|---|---|---|
| BRANDON S. PIERCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| AMAZON.COM SERVICES, INC.; and | ) | |
| FICTITIOUS DEFENDANTS, | ) | |

NO. 1, that entity or person which/who designed the subject treestand involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;

NO. 2, that entity or person which/who manufactured or assembled the subject treestand involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;

NO. 3, that entity or person which/who designed, manufactured, assembled or sold the defective component parts of the subject treestand involved in the occurrence made the basis of this lawsuit;

NO. 4, that entity or person which/who had any role in the distributive chain regarding the subject treestand involved in the occurrence made the basis of this lawsuit, any component party thereof, or any attendant equipment used or available for the use therewith, from the date of manufacture through the date of its acquisition by the Plaintiff;

NO. 5, that entity or person which/who failed to warn or issued inadequate warnings or instructions regarding the use of operation of the subject treestand involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;

NO. 6, that entity or person which/who tested, inspected, approved or issued any approval of the subject treestand involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;

NO. 7, that entity or person which/who provided any insurance coverage, of whatever kind or character, to any of the named or fictitious defendants herein; and

NO. 8, that entity or person, other than those entities or persons described above, which/who is the successor in interest to any of these entities or person described above.

Plaintiff avers that the identities of these Fictitious Party Defendants are unknown to the Plaintiff or his attorneys at this time or, if their names are known to the Plaintiff, facts that identify them as proper party defendants intended to be sued are not known to

the Plaintiff or his attorneys at this time and their true names will be substituted by amendment when ascertained.

Defendants.

## COMPLAINT

1.  Plaintiff Brandon S. Pierce (hereinafter referred to as "Plaintiff" or "Pierce") is an adult

    and a citizen of St. Clair County, Alabama.

2.  Defendant Amazon.com Services, Inc., (hereinafter referred to as "defendant" or

    "Amazon") is a DELAWARE Corporation with its principal place of business in Seattle,

    Washington doing business in the state of Alabama.

3.  The events giving rise to Plaintiff Pierce's claims occurred in St. Clair County, Alabama.

4.  The amount in controversy exceeds the jurisdictional amount of this Court.

## GENERAL ALLEGATIONS

5.  Amazon is an online retailer who sells treestands such as the one used in the incident

    made the basis of this lawsuit.

6.  Pierce purchased an XtremepowerUS Treestand that is the subject of this lawsuit from

    Defendant, Amazon.

7.  This action against Amazon is brought pursuant to code Alabama Code 1975 § 6-5-

    521(c). See affidavit of Plaintiff's Counsel attached hereto as Exhibit 1.

8.  Plaintiff has researched XtremepowerUS at length to obtain information, including its

    address, about the company and each search has come up unsuccessful.

9.  On multiple occasions, the Plaintiff and his counsel has contacted Amazon requesting

    information on the manufacturer, XtremepowerUS, but the customer service department

    has refused to provide any information.

2

10.   On or about February 3, 2017, Plaintiff Pierce was hunting in St. Clair County, Alabama. As he was secured in his XtremepowerUS Treestand, a locking pin failed causing the treestand to collapse and the Plaintiff to plummet several feet to the ground thus sustaining severe and permanent injuries.

11.   The subject treestand used by Pierce at the time the locking pin failed and the treestand to collapse was designed sold and manufactured by XtremepowerUS. Further, the subject treestand was purchased by Plaintiff Pierce online through Amazon.

12.   As a result of Pierce's fall from the treestand, the Plaintiff suffered, inter alia, a torn meniscus, almost a complete ACL tear as well as tears to his MCL, LCL and PCL, and fractures. Further, Plaintiff subsequently underwent knee surgery.

13.   As a result of his injuries from the fall from the subject treestand, Plaintiff was unable to immediately return to his employment, suffered lost wages, a loss of future earning capacity and incurred and continues to incur medical expenses.

### COUNT ONE -
### ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE

14.   The Plaintiff adopts and realleges each and every previously stated provision of this Complaint as if fully set out herein.

15.   Amazon and XtremepowerUs sold and placed in the stream of commerce the subject treestand that was defective and unreasonably dangerous when used in a foreseeable manner.

16.   The subject treestand was designed, manufactured, distributed and/or sold by Defendant Amazon and XtremepowerUS in the ordinary course of their business. The treestand was in substantially the same condition at the time of the incident as it was when it left the hand of defendants.

3

17.   The subject treestand was defective and unreasonably dangerous because the locking pin
      that failed was prone to fail unexpectedly due to its defective design, during intended use.
      The treestand did not meet the reasonable safety expectations of an ordinary consumer
      who would not reasonably expect the locking pin to malfunction during intended use.

18.   At the time of the incident made the basis of this lawsuit, Plaintiff Pierce was using the
      subject treestand in a foreseeable manner.  He followed XtremepowerUS' instructions
      and did not misuse the treestand.  Further, he was unaware that the locking pin was
      defective and prone to failing during intended use.

19.   The defective condition of the subject treestand was the direct and proximate cause of
      Pierce's severe and permanent injuries that resulted in economic and non-economic
      damages.  Had the locking pin of the subject treestand not unexpectedly failed, the
      Plaintiff would not have been injured.

20.   Plaintiff Pierce brings his claim pursuant to the *Alabama Extended Manufacturers
      Liability Doctrine.*

21.   As a proximate result of the defective and unreasonably dangerous treestand, the Plaintiff
      suffered serious and permanent injuries, mental distress, loss of enjoyment of life, loss of
      past and future earnings and loss involving past and future medical expenses.

      **WHEREFORE,** on the basis of the foregoing, Plaintiff Pierce requests that the jury
selected to hear this case render a verdict for him and against Defendant for compensatory
damages in an amount that will adequately compensate the Plaintiff for the permanent injuries
and damages he sustained due to the defendants' conduct, and for exemplary damages in an
amount that will adequately reflect the wrongfulness of the defendant.  Further, Plaintiff Pierce

4

requests that the Court enter judgment consistent with the jury's verdict, and that it also award the Plaintiff interest from the date of judgment and costs incurred in managing this lawsuit.

**COUNT TWO – NEGLIGENCE**

22.   The Plaintiff adopts and realleges each and every previously stated provision of this Complaint as if fully set out herein.

23.   Defendant Amazon and XtremepoweerUS owed Plaintiff Pierce and other users of their treestands a duty to design, manufacture, distribute and/or sell the product in a reasonably safe condition.

24.   Defendant Amazon and XtremepowerUS breached this duty by negligently designing, manufacturing, distributing and/or selling the treestand with inadequate and unsafe locking pins prone to failing unexpectedly, exposing users to potential dangerous falls.

25.   As a direct and proximate result of this defendants' negligence, Plaintiff Pierce suffered serious and permanent injuries, mental distress, loss of enjoyment of life, loss of past and future earnings and loss involving past and future medical expenses.

**WHEREFORE**, on the basis of the foregoing, Plaintiff Pierce requests that the jury selected to hear this case render a verdict for him and against all defendants for compensatory damages in an amount that will adequately compensate the Plaintiff for the permanent injuries and damages he sustained due to the defendant's conduct, and for exemplary damages in an amount that will adequately reflect the wrongfulness of the defendant.  Further, Plaintiff Pierce requests that the Court enter judgment consistent with the jury's verdict, and that it also award the Plaintiff interest from the date of judgment and costs incurred in managing this lawsuit.

**COUNT THREE – WANTONNESS**

5

26.   The Plaintiff adopts and realleges each and every previously stated provision of this Complaint as if fully set out herein.

27.   Defendant Amazon and XtremepowerUS wantonly designed, manufactured, distributed and/or sold the subject treestand with inadequate and unsafe locking pins. Defendants also knew that severe injuries would likely result if they did not fulfill their duty to warn and inform purchasers of the defective treestands.

28.   As a direct and proximate result of these defendants' wantonness, Plaintiff Pierce suffered serious and permanent injuries, mental distress, loss of enjoyment of life, loss of past and future earnings and loss involving past and future medical expenses.

   **WHEREFORE**, on the basis of the foregoing, Plaintiff Pierce requests that the jury selected to hear this case render a verdict for him and against defendant for compensatory damages in an amount that will adequately compensate the Plaintiff for the permanent injuries and damages he sustained due to the defendants' conduct, and for exemplary damages in an amount that will adequately reflect the wrongfulness of the defendants. Further, Plaintiff Pierce requests that the Court enter judgment consistent with the jury's verdict, and that it also award the Plaintiff interest from the date of judgment and costs incurred in managing this lawsuit.

## COUNT FOUR – NEGLIGENT FAILURE TO WARN

29.   The Plaintiff adopts and realleges each and every previously stated provision of this Complaint as if fully set out herein.

30.   Defendant Amazon and XtremepowerUS had a duty to warn the Plaintiff and other users of the dangerous defects in the treestands about which they knew or should have known.

31.   Defendant Amazon and XtremepowerUS knew the subject treestand was defective and unreasonably dangerous.

6

32.   Notwithstanding this knowledge, Defendant Amazon and XtremepowerUS failed to take reasonable steps to notify the Plaintiff and other users.

33.   Had the defendants warned the Plaintiff of the defective and unreasonably dangerous treestands, Plaintiff Pierce would not have used the subject treestand and would not have suffered the severe and permanent injuries as a result of the failure of the locking pin.

34.   As a direct and proximate result of the defendants' negligent failure to warn, Plaintiff Pierce suffered serious and permanent injuries, mental distress, loss of enjoyment of life, loss of past and future earnings and loss involving past and future medical expenses.

**WHEREFORE**, on the basis of the foregoing, Plaintiff Pierce requests that the jury selected to hear this case render a verdict for him and against defendant for compensatory damages in an amount that will adequately compensate the Plaintiff for the permanent injuries and damages he sustained due to the defendants conduct, and for exemplary damages in an amount that will adequately reflect the wrongfulness of the defendant. Further, Plaintiff Pierce requests that the Court enter judgment consistent with the jury's verdict, and that it also award the Plaintiff interest from the date of judgment and costs incurred in managing this lawsuit.

### <u>COUNT FIVE – BREACH OF IMPLIED WARRANTY</u>

35.   The Plaintiff adopts and realleges each and every previously stated provision of this Complaint as if fully set out herein.

36.   Defendant Amazon and XtremepowerUS designed, manufactured, distributed and/or sold the treestand involved in this incident.  The defendants impliedly warranted that the subject treestand was reasonably fit for the particular purpose for which it was sold.

37.   Defendant Amazon and XtremepowerUS breached its implied warranties because of inadequate and unsafe locking pins on the treestands.

7

38.     As a direct and proximate result of the defendants' breach of implied warranty, Plaintiff

        Pierce suffered serious and permanent injuries, mental distress, loss of enjoyment of life,

        loss of past and future earnings and loss involving past and future medical expenses.

        **WHEREFORE**, on the basis of the foregoing, Plaintiff Pierce requests that the jury

selected to hear this case render a verdict for him and against defendant for compensatory

damages in an amount that will adequately compensate the Plaintiff for the permanent injuries

and damages he sustained due to the defendants' conduct, and for exemplary damages in an

amount that will adequately reflect the wrongfulness of the defendants. Further, Plaintiff Pierce

requests that the Court enter judgment consistent with the jury's verdict, and that it also award

the Plaintiff interest from the date of judgment and costs incurred in managing this lawsuit.

## COUNT SIX – NEGLIGENCE
### (as to Fictitious Defendants 1-6)

39.     The Plaintiff adopts and realleges each and every previously stated provision of this

        Complaint as if fully set out herein.

40.     Fictitious Defendants No. 1 negligently designed the subject treestand, its component

        parts and/or any attendant equipment used or available for use therewith;

41.     Fictitious Defendant No. 2 negligently manufactured or assembled the subject treestand,

        its component parts and/or any attendant equipment used or available for use therewith;

42.     Fictitious Defendant No. 3 negligently designed, manufactured, assembled or sold the

        defective component parts of the subject treestand.

43.     Fictitious Defendant No. 4 negligently distributed the subject treestand, its component

        parts and/or any attendant equipment used or available for use therewith, from the date of

        manufacture through the date of its acquisition by Plaintiff Pierce.

8

44.    Fictitious Defendant No. 5 negligently failed to warn or issued inadequate warnings or instructions regarding the use of operation of the subject treestand involved in this incident, any component part thereof, or any attendant equipment used or available for use therewith.

45.    Fictitious Defendant No. 6 negligently tested, inspected, approved or issued any approval of the subject treestand involved in this incident, any component part thereof, or any attendant equipment used or available for use therewith.

46.    The negligence of Fictitious Defendants Nos. 1 through 6, combined and occurred with the previously described negligence and other wrongful conduct to proximately cause Plaintiff Pierce's permanent injuries and damages.

47.    As a direct and proximate result of these fictitious defendants' negligence, Plaintiff Pierce suffered serious and permanent injuries, mental distress, loss of enjoyment of life, loss of past and future earnings and loss involving past and future medical expenses.

**WHEREFORE**, on the basis of the foregoing, Plaintiff Pierce requests that the jury selected to hear this case render a verdict for him and against all defendants for compensatory damages in an amount that will adequately compensate the Plaintiff for the permanent injuries and damages he sustained due to the defendants' conduct, and for exemplary damages in an amount that will adequately reflect the wrongfulness of the defendants. Further, Plaintiff Pierce requests that the Court enter judgment consistent with the jury's verdict, and that it also award the Plaintiff interest from the date of judgment and costs incurred in managing this lawsuit.

<u>**COUNT SEVEN – WANTONNESS**</u>
<u>**(as to Fictitious Defendants 1 through 6)**</u>

48.    The Plaintiff adopts and realleges each and every previously stated provision of this Complaint as if fully set out herein.

9

49. Fictitious Defendants 1 through 6 wantonly designed, manufactured, tested, distributed and/or sold the subject treestand with inadequate and unsafe locking pins. These defendants knew or should have known that severe injuries would likely result if they did not fulfill their duty to warn the Plaintiff and other purchasers.

50. As a direct and proximate result of these fictitious defendants' wantonness, Plaintiff Pierce suffered serious and permanent injuries, mental distress, loss of enjoyment of life, loss of past and future earnings and loss involving past and future medical expenses.

**WHEREFORE**, on the basis of the foregoing, Plaintiff Pierce requests that the jury selected to hear this case render a verdict for him and against all defendants for compensatory damages in an amount that will adequately compensate the Plaintiff for the permanent injuries and damages he sustained due to the defendants' conduct, and for exemplary damages in an amount that will adequately reflect the wrongfulness of the defendants. Further, Plaintiff Pierce requests that the Court enter judgment consistent with the jury's verdict, and that it also award the Plaintiff interest from the date of judgment and costs incurred in managing this lawsuit.

## COUNT EIGHT – NEGLIGENCE
### (as to Fictitious Defendants 7 and 8)

51. The Plaintiff adopts and realleges each and every previously stated provision of this Complaint as if fully set out herein.

52. Fictitious Defendants No. 7 is liable to the Plaintiff for the above-described negligence or other wrongful acts of one or more of the named or fictitious defendants as the insurer providing coverage to any of the named or fictitious defendants herein.

53. Fictitious Defendant No. 8 is liable to the Plaintiff for the above-described negligence or other wrongful acts of one or more of the named or fictitious defendants as the successor

10

DOCUMENT 2

in interest tone or more of those other defendants, or as the successor in interest to the liabilities of one or more of those other defendants.

54.     The negligence of Fictitious Defendants Nos. 7 and 8, combined and concurred with the previously described negligence and other wrongful conduct to proximately cause Plaintiff Pierce's permanent injuries and damages.

55.     As a direct and proximate result of these fictitious defendants' negligence, Plaintiff Pierce suffered serious and permanent injuries, mental distress, loss of enjoyment of life, loss of past and future earnings and loss involving past and future medical expenses.

**WHEREFORE,** on the basis of the foregoing, Plaintiff Pierce requests that the jury selected to hear this case render a verdict for him and against all defendants for compensatory damages in an amount that will adequately compensate the Plaintiff for the permanent injuries and damages he sustained due to the defendants' conduct, and for exemplary damages in an amount that will adequately reflect the wrongfulness of the defendants. Further, Plaintiff Pierce requests that the Court enter judgment consistent with the jury's verdict, and that it also award the Plaintiff interest from the date of judgment and costs incurred in managing this lawsuit.

Respectfully submitted,

/s/ K. Rick Alvis
**K. Rick Alvis (ALV001)**
**Attorney for Plaintiff**

**Of Counsel:**

**Holt, Mussleman, Moran & Alvis**
216 W Dr. Hicks Boulevard
Florence, AL 35630-6135
(256) 766-0503 Main
(256) 766-7690 Fax
rick@alvislaw.com

11

## JURY DEMAND

Plaintiff Pierce hereby demands a trial by struck jury on all issues of this cause.

## DEFENDANT CAN BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:

**Amazon.com Services, Inc**
c/o Corporation Service Company
15 West South Temple Ste 1701
Salt Lake City, UT 84101

12

STATE OF ALABAMA

COUNTY OF LAUDERDALE

## <u>AFFIDAVIT OF K. RICK ALVIS</u>

Before me, the undersigned authority, a Notary Public in and for said county and

Worn state, personally appeared K. Rick Alvis, who being by me first duly sworn and who,

being known to me, deposes and says the following;

1.      My name is K. Rick Alvis. I am a resident of Alabama and I am over nineteen

years of age. I have personal knowledge of the facts set out below.

2.      I am a licensed attorney in the State of Alabama. I currently represent plaintiff

Brandon Shay Pierce in the case styled: *Brandon Shay Pierce v. Amazon et al.*

3.      My client purchased a Treestand believed to be designed, manufactured and sold

by XtremepowerUS, directly from Amazon.

4.      My office staff has spent numerous hours researching the internet in an effort to

locate an address on XtremepowerUS and have been unsuccessful.

5.      A private investigator was also hired to locate XtremepowerUS with no success.

5.      My staff have contacted several companies  with a   name similar to

XtremepowerUS, but none of them were the correct company.

6.      My staff and I personally contacted Amazon directly in an effort to retrieve

information on XtremepowerUS but was advised by Amazon that they cannot release any

information on their clients.

7.     Therefore, pursuant to Alabama Code 1975 § 6-5-521(c), we have filed suit against Amazon, the distributor since the Plaintiff has been unable to identify the manufacturer of the product in question.

**Further, the affiant sayeth not.**

        **DATED: 1/31/2019**

                                                     _K. Rick Alvis_
                                                     **K. RICK ALVIS**

**SUBSCRIBED AND SWORN**
**To before me this the 31ˢᵗ day**
**Of January, 2019.**

_Linda K Burden_
**NOTARY PUBLIC**
Expires: 9/19/2021



CERTIFIED MAIL

7017 1450 0000 6145 3033

Circuit Court
St. Clair Co. Courthouse
1815 Cogswell Avenue, Ste. 217
Pell City, AL 35125
(205) 338-2511

Amazon Com Services, Inc.
15 West South Temple ste. 1701
Salt Lake City, UT 84101