# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **BRANDON S. PIERCE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  Case No. 4:19-CV-393-KOB |
| | ) |
| **AMAZON.COM SERVICES, INC.; et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This matter comes before the court on Defendant Amazon.com Services, Inc.'s "Motion to Dismiss on the Pleadings." (Doc. 13).

Plaintiff Brandon Pierce initially filed this lawsuit against Amazon in St. Clair County Circuit Court. (Doc. 1). In his complaint, Mr. Pierce alleged that a tree-stand that he bought on Amazon collapsed, causing severe injury to his knee. Mr. Pierce brought a products liability suit against Amazon under Ala. Code § 6-5-521(c) because he could not, even exercising due diligence, find the manufacturer of the tree-stand to file suit against it.

Amazon removed the case to this court, (doc. 1), filed an answer, (doc. 3), and, pursuant to Ala. Code § 6-5-521(d), notified Mr. Pierce of "the correct identity of the manufacturer of the subject product, thereby obligating Plaintiff to 'exercise due diligence to file an action against and obtain jurisdiction over the manufacturer' of the product that allegedly caused his injuries," (doc. 5 at 1). Mr. Pierce subsequently amended his complaint to include Defendant XtremepowerUS, the alleged manufacturer of the product at issue. (Doc. 8).

Mr. Pierce served XtremepowerUS via certified mail on May 22, 2019, making

XtremepowerUS's answer due by June 12, 2019. (Doc. 12). XtremepowerUS failed to respond to the complaint and the Clerk of Court has now entered a default against XtremepowerUS. (Doc. 17).

In the meantime, Amazon filed a motion to dismiss on the pleadings, pursuant to Fed. R. Civ. P. 12(c). (Doc. 13). Amazon argues that, under Ala. Code. § 6-5-521(d), Mr. Pierce is required to voluntarily dismiss his claims against Amazon. Further, Amazon argues that Mr. Pierce failed to state a claim against Amazon.

On July 7, 2019, this court entered an order to show cause directing Mr. Pierce to show in writing, on or before July 19, 2019, why the court should not grant Amazon's motion for judgment on the pleadings. (Doc. 15). Mr. Pierce has yet to file a response to the order to show cause.

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. *See* Fed. R. Civ. P. 12(c). A judgment on the pleadings is proper when no issues of material fact exist, and the movant is entitled to judgment as a matter of law. *Id.*; *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001).

Under Alabama law governing products liability, a claimant may bring a products liability claim against an innocent distributor if, "despite a good faith exercise of due diligence," it cannot identify the manufacturer of an allegedly defective and unreasonably dangerous product. Ala. Code § 6-5-521(c). As codified in the next section of the statute, after the plaintiff files a suit under section 521(c), the distributor "may file an affidavit certifying the correct identity of the manufacturer of the product that allegedly caused the claimant's injury." Ala.

Code § 6-5-521(d). However, Ala. Code § 6-5-521(d) also provides that "[o]nce the claimant has commenced an action against the manufacturer, and the manufacturer has or is required to have answered or otherwise pleaded, the claimant shall voluntarily dismiss all claims against any distributor, wholesaler, dealer, retailer, or seller of the product in question." *Id.*

In this case against Amazon, filed pursuant to Ala. Code § 6-5-521(c), Amazon identified the manufacturer at issue—XtremepowerUS—and Mr. Pierce commenced an action against it. Now, the time has passed in which XtremepowerUS was required to have answered the complaint or otherwise pleaded; in fact, a default has been entered against XtremepowerUS. Pursuant to the explicit language of Ala. Code § 6-5-521(d), Mr. Pierce is now required to dismiss his claims against Amazon. Mr. Pierce has neither dismissed his claim nor responded to this court's order to show cause.

Accordingly, the court will do what Mr. Pierce has not and dismiss his claims against Amazon, as, under Alabama law, his claims against Amazon cannot go forward. *See* Ala. Code § 6-5-521(d); *Cannon*, 250 F.3d 1301. The court GRANTS Amazon's motion for judgment on the pleadings and DISMISSES WITHOUT PREJUDICE Mr. Pierce's claims against Amazon.

DONE and ORDERED this 23rd day of January, 2020.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE